UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LEOKADIA M. PRZYSTAJKO,

      CASE NO.:

   Plaintiff,

vs.

WALMART, INC. and WALMART
STORES EAST, LP,

   Defendant.
_____/

## DEFENDANTS' PETITION FOR REMOVAL

COME NOW Defendants, WALMART INC. and WAL-MART STORES EAST, LP by and through their undersigned counsel hereby petitions for Removal of the above-styled action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, where the same is now pending as Case No. CACE 22-006608 to this Court. Removal is proper on the following grounds:

1. Plaintiff commenced a civil action in the Seventeenth Judicial Circuit in and for Broward County, Florida, styled *LEOKADIA M. PRZYSTAJKO vs. WALMART, INC., and WAL-MART STORES EAST, LP*, CACE 22-006608.  *See* Plaintiff's Complaint in the State Court Action attached hereto as an Exhibit.

2. The Summons and Complaint in this case were served upon Defendants, WALMART, INC. and WAL-MART STORES EAST, LP, on or about June 2, 2022. *See* Service of Process attached hereto as an Exhibit.

3. In pertinent part, the Plaintiff's Complaint against Walmart, Inc. and Wal-Mart Stores East, LP, are for claims sounding in negligence as a result of injuries the Plaintiff allegedly

sustained arising from a slip and fall incident on the premises of the subject Wal-Mart store located at 2300 West Atlantic Boulevard, Pompano Beach, Florida 33069.

4. Pursuant to Sections 1332, 1441(b) and 1446 of Title 28 of the United States Code, Defendants, WALMART, INC. and WAL-MART STORES EAST, LP, hereby remove the action in the Fifteenth Judicial Circuit in and for Broward County, Florida, styled *LEOKADIA M. PRZYSTAJKO vs. WALMART, INC., and WAL-MART STORES EAST, LP, CACE 22-006608.*

5. Removal is proper and appropriate under 28 U.S.C §1332, which allows for District Court jurisdiction over, "all civil action where the matter in controversy exceeds the sum or value of $75,000.00," and is between citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. §§1332, 1441, 1446.

### Grounds for Removal

Plaintiff's action may be removed to federal court if diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001); *see also* 28 U.S.C. § 1332(a)(1) (stating the requirements for diversity jurisdiction). As set forth below, this action satisfies both of these jurisdictional requirements.

### Diversity of Citizenship

Diversity of citizenship exists in this case, because this is a civil action between citizens of different states. 28 U.S.C. § 1332(a)(1). In determining a person's citizenship for purposes of diversity jurisdiction, "citizenship is equivalent to 'domicile.'" McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is

absent therefrom." Id. (citation and quotations omitted).  Furthermore, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." Katz v. J.C. Penney Corp., 2009 WL 1532129, *3 (S.D. Fla. June 1, 2009) (internal citations omitted).

According to Plaintiff's Complaint, the Plaintiff is a resident of Broward County, Florida. Defendant Walmart, Inc., at all times relevant, was and still is a Delaware corporation with its principle place of business in Arkansas. *See* Division of Corporations Documents attached as Composite **Exhibit "A"**. Defendant Wal-Mart Stores East, LP, at all relevant times, was and still is a Delaware Limited Partnership with its principal place of business in Arkansas. *See* Sunbiz Report attached as Composite Exhibit "A". WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC were at the time of filing the Complaint, and still are, Delaware limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores, Inc. Wal-Mart Stores Inc., is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware. Wal-Mart Stores Inc., at the time the Complaint was filed and presently, incorporated in the State of Delaware. The principal place of business for all of the above mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Wal-Mart Stores, Inc.) is, and was at the time of filing the Complaint, Bentonville, Arkansas.

## Amount in Controversy

Second, this action satisfies the amount in controversy requirement for purposes of removal, because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs, and attorney's fees. Id. "[W]hen the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams, 269 F. 3d at 1319.  Although Plaintiff's Complaint fails to allege a specific value of the requested relief, it alleges damages in excess of $30,000.00.  The Plaintiff, in fact, seeks to recover damages exceeding $75,000.00.  In support of this posture, the Plaintiff has produced medical bills in the amount of $83,404.50 and has further alleged damages for mental anguish, loss capacity for the enjoinment of life, loss of earnings and loss of ability to earn money and further that these losses will be suffered in the future.  See **Exhibit "B"** attached hereto.  Indeed, Defendants believe that this issue is uncontested.

Accordingly, because the amount in controversy in this action exceeds the jurisdictional requirement and because citizenship of the parties are diverse, this action provides a basis for original diversity jurisdiction under 28 U.S.C. § 1332 and may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

## Venue

Plaintiff's action is pending in state court in Broward County, Florida, which is within this judicial district and division.  See 28 U.S.C §89(b). This Court is the proper venue for removal under 28 U.S.C. §§1441(a), 1446(a).

## Timeliness

As aforementioned, Defendants Walmart Inc. and Wal-Mart Stores East, LP, were served on June 2, 2022.  Defendants have sought removal within thirty days from the date that Plaintiff's

Complaint was served on and received by the Defendants and in accordance with Federal Rules of Civil Procedure Rule 6. Accordingly, this Notice of Removal is timely filed. 28 U.S.C. § 1446(b) (stating notice of removal must be filed within thirty days after receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based).

### Notice

As required by 28 U.S.C. § 1446(d), Defendant will serve written notice of this Notice of Removal to the Plaintiff and will file a copy of it with the clerk of the state court.

### Conclusion

For the foregoing reasons, Defendants respectfully requests that this action, previously pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County Florida, be removed to this Court, and that this Court proceed as if this case had been originally initiated in this Court.

WHEREFORE, Defendants, WALMART, INC. and WAL-MART STORES EAST, LP, by and through their undersigned attorney, respectfully requests that this matter be removed and that this Honorable Court grant such other and additional relief as is otherwise proper.

Dated: July 6, 2022

Respectfully Submitted,

**MARSHALL DENNEHEY**

BY: s/ *Harris B. Kirsch, Esq.*
Harris B. Kirsch, Esq.
Florida Bar Number: 30873
hbkirsch@mdwcg.com
Eric L. Reichenberger, Esq.
Florida Bar Number: 86219
elreichenberger@mdgwcg.com
2400 E. Commercial Blvd., Suite 1100

                                              Fort Lauderdale, FL 33308
                                              Telephone: 954-847-4920
                                              Facsimile: 954-627-6640
                                              *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 6, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I e-mailed or mailed the foregoing document and the notice of electronic filing to all counsel of record or pro se parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Brett L. Schlacter, Esq.
Schlacter Law
1108 Kane Concourse, Suite 305
Bay Harbor Islands, FL 33154
bls@schlacterlaw.com
*Attorney for Plaintiff*

                                        By:    /s/ *Harris B. Kirsch*
                                                      Harris B. Kirsch
                                                      Florida Bar No.: 30873